**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**SANTI GRIPPER,**

    **Petitioner,**

v.

**WARDEN, ROSS CORRECTIONAL
INSTITUTION,**

    **Respondent.**

**CASE NO. 2:12-CV-364
JUDGE FROST
MAGISTRATE JUDGE ABEL**

## REPORT AND RECOMMENDATION

Petitioner Santi Gripper, a prisoner at the Ross Correctional Institution, brings this action for a writ of habeas corpus under 28 U.S.C. § 2254. This matter is before the Magistrate Judge for preliminary consideration under Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

The petition alleges that on May 21, 2008, Santi Gripper was convicted by his guilty plea in the Court of Common Pleas for Franklin County, Ohio of murder with a gun specification. He was sentenced to a term of 16 years to life in prison.

Petitioner Gripper did not file an appeal of the sentence. Approximately two years later, on April 28, 2010, he filed a motion for leave to file a delayed appeal. On July 20, 2010, the Ohio Tenth District Court of Appeals denied his motion for delayed appeal for failure to provide good cause for the untimely appeal.[1] *Exhibit A-5 to Petition.* Petitioner sought leave to appeal to the

---

[1] The appellate court stated, in relevant part:

> Appellant fails to provide a justifiable reason for filing his motion approximately two years after his conviction. Further, appellant does not explain when he learned that he could have appealed from his guilty plea. The substantial lag in appellant filing his motion for delayed appeal, without justifiable explanation, is

Supreme Court of Ohio. On October 13, 2010, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *Exhibit A-8 to Petition.* Meanwhile, on May 18, 2010, Petitioner filed a motion to withdraw his guilty plea. The trial court denied Petitioner's motion on December 3, 2010, and on July 26, 2011, the appellate court affirmed the judgment of the trial court. *Exhibit A-7 to Petition.* Petitioner apparently did not file an appeal.

On April 26, 2012, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges that he is in the custody of the Respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Petitioner was denied Due Process under the U.S. Constitution when theTrial Court and Counsel failed to inform the Petitioner of his Appellate Rights and his right to Court Appointed Counsel.
>
> 2. Petitioner was denied His Sixth Amendment Right to the Effective Assistance of Counsel when Counsel lied to the Appellant and the Trial Court violated His Fourteenth Amendment Right when it refused to allow the Petitioner to Withdraw his Guilty Plea based on Counsel's Insufficient Performance.

## STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions, providing as follows:

---

> unreasonable and weighs against our granting the motion.
>
> Accordingly, we conclude that appellant had not provided sufficient reasons to support his App.R. 5(A) motion for delayed appeal. Therefore, appellant's motion is denied.

*Exhibit A-5 to Petition.*

2

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's judgment of conviction became final on June 20, 2008, thirty days after his judgment of conviction, when the time period expired to file a timely appeal to the state appellate court. *See* Ohio Appellate Rule 4(A); *Keeling v. Warden, Lebanon Correctional Inst.*, 673 F.3d 452, 459-60 (6thCir. 2012)(citing *Gonzalez v. Thaler*, – U.S. –, 132 S.Ct. 641, 653054 (2012)(judgment of conviction final at the expiration of time for pursuing direct review in the state court). The statute of limitations expired one year later, on June 20, 2009. Petitioner waited two years and ten months later, until April 20, 2012, to execute this habeas corpus petition. Moreover, he has failed to allege any extraordinary circumstances beyond his control reflecting the statute of limitations should be

equitably tolled. *See Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 749 (6thCir. 2011)(citing *Holland v. Florida*, – U.S. –, 130 S.Ct. 2549, 2560 (2010)(a petitioner must establish diligence in pursuing his rights and some that some extraordinary circumstance prevented him from timely filing to obtain equitable tolling of the statute of limitations). Petitioner does allege that his attorney and the trial court failed to advise him of his right to appeal and to the assistance of counsel on appeal, but the petition does not allege when Petitioner first learned of his right to appeal his sentence. Additionally, neither Petitioner's April 28, 2010, motion for delayed appeal, nor his May 18, 2010, motion to withdraw guilty plea tolled or otherwise affected the running of the statute of limitations, because Petitioner filed these motions long after the statute of limitations had already expired. "The tolling provision does not ... 'revive' the limitations period ( *i.e*., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir.2003) (citing *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y.1998)); *see also Winkfield v. Bagley*, 66 Fed.Appx. 578 (unpublished), 2003 WL 21259699 (6th Cir. May 28, 2003) (same).

Accordingly, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** for failure to file the petition within the one-year period of limitations creabed by 28 U.S.C. § 2244(d)(1).

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those

4

portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

s/Mark R. Abel
United States Magistrate Judge