IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Santi Gripper, | : | |
| Petitioner | : | Civil Action 2:12-cv-0364 |
| v. | : | Judge Frost |
| Warden, Ross Correctional Institution, | : | Magistrate Judge Abel |
| Respondent | : | |

# ORDER

Petitioner Santi Gripper, a State prisoner, brings this action under 28 U.S.C. §2254 alleging that he is in custody in violation of the Constitution of the United States.  This matter is before the Court petitioner Gripper's July 13, 2012 objections to Magistrate Judge Abel's July 2, 2012 Report and Recommendation that the petition for writ of habeas corpus under 28 U.S.C. §2254 be denied because petitioner's claims were barred by the one year statute of limitations under 28 U.S.C. § 2254(d)(1)(A).

The petition alleges that petitioner was denied due process when the trial court and his attorney failed to advise him of his right to appeal; that he was denied the effective assistance of counsel because his attorney withheld information from him; and that he was denied due process when the trial court denied his motion to withdraw his guilty plea. None of these claims was timely presented to the Ohio courts. He filed both a motion to withdraw his guilty plea and a motion for delayed appeal over 23 months after he entered his guilty plea. The Ohio Court of Appeals held that his delayed appeal

was untimely and that there was no merit to his motion to withdraw his guilty plea. Petitioner argues that his claims should not be procedurally barred by the statute of limitations because he was unaware of his right to appeal until he visited the Ross Correctional Institution law library in April 2010.

This is the first time--in either state or federal court--that petitioner has pleaded when he discovered that he had a right to appeal. The Ohio Court of Appeals denied petitioner's motion for leave to file a delayed appeal because he had failed

> to provide a justifiable reason for filing his motion approximately two years after his conviction. Further, appellant does not explain when he learned he could have appealed from his guilty plea. The substantial lag in appellant filing his motion for delayed appeal, without justifiable explanation, is unreasonable and weighs against our granting the motion.

*State of Ohio v. Santi Gripper*, No. 10AP-398 (Ohio Court of Appeals for the Tenth Appellate District, July 20, 2010), Doc. 1-5, PageID ## 26-27.

In affirming the trial court's denial of petitioner's motion to vacate his guilty plea, the Court of Appeals noted that at sentencing Gripper "'accept[ed] responsibility' for his past and apologized to the victim's family for their loss. (May 21, 2008 Tr. 15.)" *State of Ohio v. Santi Gripper*, No. 10AP-1186 (Ohio Court of Appeals for the Tenth Appellate District, July 26, 2011), Doc. 1-7, PageID # 32. The ground for petitioner's motion to vacate his guilty plea was that the trial court failed to advise him he would be subject to post-release control. The trial court pointed out that his conviction did not carry post-release control, and petitioner abandoned that argument on appeal. *Id.*, PageID ## 34-35. Instead, he argued that he had been denied the effective assistance of counsel. The

Court of Appeals held that the argument could not be considered because it had not been presented to the trial court. Further, were the court to consider the claim, it would hold that it was without merit. *Id.,* PageID ## 35-36.

As to petitioner's argument that he was hindered by his lack of understanding of English, the Court of Appeals found that Gripper told the trial judge that he could read and write English. The Court of Appeals concluded that the record of petitioner's guilty plea demonstrated his ability to understand English. *Id.,* PageID # 35.

Finally, the Court of Appeals noted that petitioner acknowledged during the plea proceedings that his attorney had explained the written guilty plea to him and answered all his questions. *Id.,* PageID # 36. Petitioner's 16-year sentence was the result of a bargained for joint sentencing recommendation of the prosecutor and the defense. The trial court expressly told Gripper that by entering the guilty plea he was giving up his right to appeal, and petitioner said that he understood. *Id.,* PageID # 37.

An Ohio defendant has no right to appeal an agreed upon sentence. *Pearl v. Warden, Lebanon Correctional Institution*, 2009 WL 890502 (S.D. Ohio March 30, 2009)(rejecting petitioner's contention that 2244(d)(1)(B) was applicable because petitioner had no right under Ohio law to appeal his agreed-to sentence); *see, State v. Porterfield,* 106 Ohio St.3d 5, 10 (2005). Consequently, petitioner's claim that he had a right to appeal his sentence is without merit.

Petitioner's claim that he was denied the effective assistance of counsel has not been properly presented to the Ohio courts. Such claims, based on facts not of record,

must be presented in a postconviction petition under Ohio Revised Code §§ 2953.21, *et seq. State v. Cole,* 2 Ohio State 3d 112, 114 (1982); *State v. Perry,* 10 Ohio St. 2d 175 (1967). Petitioner has not filed an Ohio postconviction petition.

Finally, petitioner's argument that the trial court erred in deny his motion for leave to withdraw his guilty plea raises solely an Ohio law issue that cannot be a ground for relief in federal habeas corpus.

Finding that petitioner's conviction became final 30 days after he entered his guilty plea and that the statute of limitations ran before he presented any of his claims to the Ohio courts, the Court concludes that the habeas corpus petition is barred by the one-year statute of limitations under 28 U.S.C. § 2254(d)(1)(A).

Upon *de novo* review as required by 28 U.S.C. §636(b)(1)(B), the Court ADOPTS the Report and Recommendation.

The petition for writ of habeas corpus is DENIED. This action is hereby DISMISSED. The Clerk of Court is DIRECTED to enter JUDGMENT for respondent.

                                        /s/ Gregory L. Frost
                                        Gregory L. Frost
                                        United States District Judge